JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV-15-06147 RGK (AJWx)** | Date | November 25, 2015 |
|---|---|---|---|
| Title | *Juan Jacinto v. Wells Fargo Bank, N.A.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE |
|---|---|

| Sharon L. Williams (Not Present) | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order re: Remanding of Action to State Court**

On July 22, 2015, Juan Jacinto ("Plaintiff") filed a complaint against Wells Fargo Bank, N.A. ("Wells Fargo") alleging claims for (1) disability discrimination in violation of FEHA, (2) unlawful failure to accommodate disability, (3) failure to engage in interactive process, (4) failure to take reasonable steps to prevent discrimination and harassment in the work place in violation of FEHA, (5) wrongful termination in violation of public policy, (6) unlawful retaliation in violation of FEHA, and (7) intentional infliction of emotional distress.

On August 13, 2015, Wells Fargo filed a Notice of Removal of Action to this Court alleging jurisdiction on the grounds of diversity citizenship. Upon review of the Notice of Removal, and for the following reasons, the Court remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006). If the complaint does not allege that the amount in controversy has been met, the removing defendant must supply this jurisdictional fact in the Notice of Removal by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).

The complaint does not allege that the amount in controversy has been met. Wells Fargo claims that the amount in controversy requirement is satisfied because Plaintiff's claim for lost wages, emotional distress damages, punitive damages, and attorneys fees exceeds $75,000. First, Plaintiff

earned approximately $30,500 per year when Wells Fargo terminated him. Wells Fargo argues that, assuming that resolution of this dispute takes more than one year, Plaintiff's claimed lost earnings will exceed $50,000. Second, Wells Fargo claims that the amount in controversy for emotional distress damages exceeds $75,000 because juries in California have awarded substantially more than $75,000 for emotional distress damages in wrongful termination cases. Third, Wells Fargo states that punitive damages should be considered when determining the amount in controversy, but does not provide an actual amount. Lastly, Wells Fargo states that it is reasonable to assume that Plaintiff could recover more than $100,000 in attorneys' fees if this case is litigated through trial.

However, the Court finds Wells Fargo's claim insufficient, and its estimation of the amount in controversy too speculative to show this jurisdictional fact by a preponderance of the evidence. Accordingly, Defendant has failed to satisfy its burden that the amount in controversy meets the jurisdictional requirement.

In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

_____ **:** _____

**Initials of Preparer**   _____